**Affirmed and Memorandum Opinion filed January 29, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00064-CR

**NAM KHOA NGUYEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 70761**

## M E M O R A N D U M   O P I N I O N

Appellant challenges his conviction for aggravated assault. *See* Tex. Penal Code Ann. § 22.02 (West, Westlaw through 2013 3d C.S.). In a single issue appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

### BACKGROUND

The indictment alleged that appellant committed aggravated assault by

intentionally or knowingly threatening Nho Van Nguyen with imminent bodily injury and that he used or exhibited a deadly weapon, namely, a cleaver, which in the manner of its use or intended use was capable of causing death or serious bodily injury. The indictment contained an alternate allegation that described the weapon as a knife rather than a cleaver.

The complainant, Nho Van Nguyen ("Nguyen"), is the captain of a shrimp boat named Captain 7 2.[1] On the day of the offense he took his shrimp boat out, but discovered there were no shrimp to catch. At approximately 11:00 a.m., Nguyen tied up his boat along with several other shrimp boats at an offshore oil platform. Appellant was employed by Nguyen as a deckhand. Trung Van Nguyen ("Trung") was the captain of one of the other tied-up shrimp boats named the T-One. Because there were no shrimp to catch, Nguyen, appellant, and three other men, Bach, Trung, and Cuong, sat on Nguyen's boat and drank until 5:00 or 6:00 p.m.

Near the end of the day Nguyen spoke with appellant about appellant's lack of productivity on the boat. Appellant became angry and combative, and Nguyen told appellant to go to bed. If appellant did not go to bed Nguyen threatened to call the Coast Guard to report appellant's combative behavior. Appellant did not go to bed, but rather than call the Coast Guard, Nguyen called his wife. While Nguyen was sitting in the wheelhouse talking to his wife on the phone, appellant approached him from behind and, thinking Nguyen was calling the Coast Guard, began to strangle him. Bach attempted to intervene, but appellant pushed him away causing Bach to fall. Nguyen was able to release appellant's hand from his neck, and appellant pushed Nguyen against the wheel of the boat and beat him in the face. Appellant grabbed Nguyen's mobile phone and smashed it. Subsequently,

---

[1] Appellant, the complainant, and the captain of the T-One share the surname, "Nguyen." For clarity, we will refer to them as "appellant," "Nguyen," and "Trung" respectively.

appellant walked away from the wheelhouse, and came back with a knife in his hand. Appellant threatened Nguyen saying, "I'm going to kill you, bitch."

Because appellant had broken the phone and radio, and taken the flare from Nguyen, Nguyen felt he had no way to notify the Coast Guard or escape, but to jump into the water. Nguyen swam to the T-One, and asked Trung to call the Coast Guard. Nguyen used the tire on the side of the T-One to climb onto the deck.

When the Coast Guard officers arrived, they boarded the T-One to determine whether Nguyen needed medical assistance. Although he appeared to need medical assistance, Nguyen declined it. After a brief investigation, the Coast Guard officers boarded the Captain 7 2 and took appellant into custody. After appellant was detained Nguyen re-boarded the Captain 7 2. After sunrise all three boats went back to the harbor. The parties waited until sunrise because Nguyen's eyes were swollen and he needed more light to pilot the boat.

Jacob Pitts of the Freeport Police Department boarded the Captain 7 2 after it arrived at the harbor. Pitts observed that a mobile phone and the boat's radio were broken. Because the boats were tied up approximately three miles from shore, the Freeport Police had jurisdiction, not the Coast Guard. Pitts recovered the knife that appellant used to threaten Nguyen.

## SUFFICIENCY

Appellant contends that the evidence is insufficient to sustain his conviction because the State did not prove that appellant threatened Nguyen with a meat cleaver. Specifically, appellant argues Nguyen is not credible, and that Nguyen's intoxication clouded his recollection.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the conviction and determine, based on that evidence

3

and any reasonable inferences from it, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury is the exclusive judge of the credibility of witnesses and the weight to be given their testimony. *See Isassi*, 330 S.W.3d at 638. Further, we defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

A person commits the offense of aggravated assault if he commits assault and uses or exhibits a deadly weapon during the commission of the assault. *See* Tex. Penal Code Ann. § 22.02(a)(2). Appellant argues the evidence is insufficient to show that he used or exhibited a meat cleaver or knife in the commission of the assault. Specifically, appellant argues the evidence is insufficient because Nguyen lacked credibility concerning the fishing of shark fins and how he boarded the T-One shrimp boat. Appellant further argues that Nguyen's intoxication clouded his memory.

In making these arguments appellant asks this court to re-evaluate Nguyen's credibility. Because the jury is the exclusive judge of the credibility of witnesses, we will not re-evaluate its determination of Nguyen's credibility. *Id.* Instead, under the appropriate standard of review, we must determine whether the State sufficiently established that appellant used or exhibited a deadly weapon in the commission of the assault. *See* Tex. Penal Code Ann. § 22.02(a)(2).

Nguyen testified that during the assault appellant left the wheelhouse and came back with a weapon he alternatively described as a meat cleaver or a knife. Officer Pitts retrieved the weapon, which was admitted and identified at trial. Kevin Nguyen, the owner of the Captain 7 2, testified that the weapon was one

used in the galley of the Captain 7 2 to prepare food for the crew. On cross-examination Nguyen denied illegally fishing for shark fins. Officer Brad McNeal of the Coast Guard testified that they did not see any evidence of shark fins on the Captain 7 2.

Based on this evidence and the reasonable inferences drawn from it, we conclude that a rational factfinder could have found beyond a reasonable doubt that appellant used or exhibited a knife or meat cleaver in commission of the assault. Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.


/s/     Sharon McCally
        Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).